UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURIAS L'MAR TAYLOR,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SOTO,<br><br>　　　　　Respondent. | No. CV 13-1346 AG (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On or about January 20, 2013, petitioner Durias L'Mar Taylor ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges a conviction and sentence imposed by the Ventura County Superior Court in Case No. CR42691 in 1998.

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") petitioner filed in this Court on or about March 10, 2006. (Case No. CV 06-1525 AG (FFM)). The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Ventura County Superior Court Case No. CR42691. On June 27, 2007, Judgment was entered in Case No. CV 06-1525 AG (FFM) denying the Prior Petition as time-barred and dismissing the action with prejudice.

///

///

1    The Petition now pending is governed by the provisions of the Antiterrorism
2  and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the
3  Act") which became effective April 24, 1996.  Section 106 of the Act amended 28
4  U.S.C. § 2244(b) to read, in pertinent part, as follows:
5    "(1) A claim presented in a second or successive habeas corpus
6    application under section 2254 that was presented in a prior application
7    shall be dismissed.
8    (2) A claim presented in a second or successive habeas corpus
9    application under section 2254 that was not presented in a prior
10   application shall be dismissed unless --
11   (A) the applicant shows that the claim relies on a new rule of
12   constitutional law, made retroactive to cases on collateral review by
13   the Supreme Court, that was previously unavailable; or
14   (B)(i) the factual predicate for the claim could not have been
15   discovered previously through the exercise of due diligence; and
16      (ii) the facts underlying the claim, if proven and viewed in light of
17   the evidence as a whole, would be sufficient to establish by clear and
18   convincing evidence that, but for constitutional error, no reasonable
19   factfinder would have found the applicant guilty of the underlying
20   offense.
21   (3)(A) Before a second or successive application permitted by this
22   section is filed in the district court, the applicant shall move in the
23   appropriate court of appeals for an order authorizing the district court
24   to consider the application."
25   Petitioner's prior federal habeas petition was denied on the ground that it
26  was barred by the one-year period of limitation.  A dismissal based on the statute
27  of limitations is considered an adjudication on the merits for purposes of
28  determining whether a subsequent petition is successive under the Act.  *Reyes v.*

*Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed.R.Civ.P. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87–88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("A judgment based on the statute of limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972)).

Therefore, because the Petition now pending challenges the same conviction as petitioner's prior habeas petition in Case No. CV 06-1525 AG (FFM), it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b).  To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1).  To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  For the foregoing reasons,

2  IT IS ORDERED that this action be summarily dismissed, pursuant to Rule

3  4 of the Rules Governing Section 2254 Cases in the United States District Courts.

4  LET JUDGMENT BE ENTERED ACCORDINGLY.

7  DATED: March 7, 2013

_____
ANDREW J. GUILFORD
United States District Judge

12  Presented by:

14  /S/ FREDERICK F. MUMM
FREDERICK F. MUMM
15  United States Magistrate Judge